# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 3, 2014

Robert P. Young, Jr.,
Chief Justice

149123

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

SC: 149123
COA: 321026
Oakland CC: 13-246791-FC

WILLIAM MICHAEL DHONDT,
      Defendant-Appellee.

_____/

      On order of the Court, the application for leave to appeal the March 27, 2014 order of the Court of Appeals is considered, and it is DENIED, because the question presented is moot.

      ZAHRA, J. (*concurring*).

      I concur with the Court's decision to deny leave to appeal because the issue is moot. I write separately to address the trial court's erroneous interpretation of MCL 780.761. At trial, the victim testified and was cross-examined in the prosecution's case-in-chief. Following that testimony, the trial court ordered that he still be subject to sequestration. This was an error, however, because MCL 780.761 provides, in relevant part: "If the victim is going to be called as a witness, the court may, for good cause shown, order the victim to be sequestered until the victim *first testifies*. The victim *shall not* be sequestered after he or she *first testifies*." (Emphasis added.) Under the plain language of this statute, a victim can no longer be sequestered, regardless of whether the victim might potentially be called to testify a *second* time, once the victim first testifies. In this case, the victim first testified in the prosecution's case-in-chief, at which point his sequestration should have ended. Accordingly, the trial court's order to continue the victim's sequestration was contrary to MCL 780.761.



      I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 3, 2014



h0930

Clerk